UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

John Savino,

                          Plaintiff,

      v.

Commissioner of Social Security,

                          Defendant.

**Decision and Order**

17-CV-915 HBS
(Consent)

───────────────────────────────

I.    INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 15.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

II.    DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as

"'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

2

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

3

physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the issues that plaintiff has raised, the issue that draws the Court's immediate attention is the way in which the ALJ weighed plaintiff's treating psychiatrist, Dr. McAveley, as compared to an agency review psychiatrist, Dr. Hoffman. Dr. McAveley examined plaintiff nearly on a monthly basis between 2013 and 2015, for the psychiatric severe impairments that the ALJ found: adjustment disorder with depressed mood; panic disorder without agoraphobia; and "Asperger-like" personality disorder. [*See generally* 277–98, 369–479.] Of the medical opinions that Dr. McAveley offered over the course of treatment, the ALJ never explained how much overall weight any one of them received. The ALJ decided only that, relative to Dr. McAveley's other opinions, the first one received the greatest weight. [33–34.] Additionally, the ALJ did not explain why any other opinions from Dr. McAveley apparently received little to no weight, except to suggest in one sentence that they were inconsistent with the overall record and that plaintiff might have been malingering because he wanted "to get Social Security disability as a goal." [34.] In contrast, Dr. Hoffman offered a single review for the Disability Determination Explanation at the initial level. [95–96.] The ALJ nonetheless gave partial weight to Dr. Hoffman's opinion regarding activities of daily living and gave "great weight to Dr. Hoffman's opinion with regard to moderate limitations in social functioning, mild limitations with concentration, persistence and pace and no episodes of decompensation, as it is consistent with the record as a whole." [34.]

The ALJ's treatment of the above two psychiatrists is problematic for two reasons. Non-examining psychiatric consultants are not permitted to receive great weight in a disability determination, especially where they could wind up overriding other treatment sources in the record.

4

*See Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir. 1992) (citations omitted); *Velazquez v. Barnhart*, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007) ("In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient."); *Minsky v. Apfel*, 65 F. Supp. 2d 124, 139 (E.D.N.Y. 1999) (citations omitted). The Second Circuit revisited this principle just in the last week or so. "We have frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination. This concern is even more pronounced in the context of mental illness where, as discussed above, a one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, ___ F.3d ___, No. 17-3247, 2019 WL 2273574, at *5 (2d Cir. May 29, 2019) (citation omitted).

Additionally, the conclusory way in which the ALJ assigned weight to Dr. McAveley is legally inadequate. "In order to override the opinion of the treating physician, we have held that the ALJ must explicitly consider, *inter alia*: (1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citation omitted); *accord Estrella*, 2019 WL 2273574, at *3 ("An ALJ's failure to 'explicitly' apply the *Burgess* factors when assigning weight at step two is a procedural error.") (citing *Selian*). Here, the ALJ's decision does contain some detail when reciting clinical notes from a plaintiff's visits to Dr. McAveley. [28–30.] The part of the decision, however, that assigns weight to Dr. McAveley's opinions runs only four sentences and barely addresses some of the *Burgess* factors in conclusory fashion. The Commissioner's citations in response do not offset the deficiencies in the ALJ's decision. For example, the Commissioner has cited to 20 C.F.R.

5

§§ 404.1519a and 404.1527(e) for the proposition that "State agency psychological consultants are 'highly qualified . . . experts in Social Security disability evaluation,' and ALJs 'must consider' their findings as medical opinion evidence." (Dkt. No. 15-1 at 29.) Section 404.1519a(b) is titled, "Situations that may require a consultative *examination*" (emphasis added). Dr. Hoffman never examined plaintiff. Section 404.1527(e) refers back to 20 C.F.R. § 404.1513a, which contains a general rule that ALJs must at least consider evidence from consultants "because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). The entirety of Section 404.1527(e), though, is one sentence: "The rules in § 404.1513a apply except that when an administrative law judge gives controlling weight to a treating source's medical opinion, the administrative law judge is not required to explain in the decision the weight he or she gave to the prior administrative medical findings in the claim." The ALJ here did not give controlling weight to Dr. McAveley and was required to explain why a non-examining consultant would receive "great weight." The problem of assigning great weight to a non-examining consultant brings the Court back to the prohibition against such an assignment that is identified above.

Upon remand, the Commissioner will address the *Burgess* factors explicitly when assigning weight to any opinions from Dr. McAveley. The Commissioner also will reconsider Dr. Hoffman's non-consultative review in a more appropriate fashion. The Court takes no position on any other issues that plaintiff has raised or on what the ultimate disability determination should be.

6

### III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 15). The Court grants plaintiff's cross-motion (Dkt. No. 11) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

__/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: June 7, 2019